**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF VIRGINIA**
**LYNCHBURG DIVISION**

| | |
|---|---|
| **ASTORG IMPORTS, INC. DBA ASTORG,**<br>**DODGE CHRYSLER JEEP,**<br><br>       **Plaintiff,**<br><br>**v.**<br><br>**THE RENAISSANCE COMPANIES OF**<br>**VIRGINIA, INC.;**<br>**d/b/a RENAISSANCE CHRYSLER DODGE**<br>**JEEP RAM;**<br>**and d/b/a RENAISSANCE FORD**<br>**and**<br>**JAMAR BRINKLEY,**<br><br>       **Defendants.** | **Civil Action No.:6:24CV00044** |

**DEFENDANTS' THE RENAISSANCE COMPANIES OF VIRGINIA AND JAMAR**
**BRINKLEY'S ANSWERS TO PLAINTIFF'S COMPLAINT**

    Defendants' The Renaissance Companies of Virginia ("Renaissance") and Jamar Brinkley,

by counsel, hereby respectfully submit their answers to Plaintiff's Complaint:

**NATURE OF THE ACTION**

**COMPLAINT NO. 1:**

    **This is an action for breach of contract and fraud arising from a transaction in which**
**Astorg and Renaissance engaged in a vehicle trade and monetary exchange that**
**resulted in Renaissance's failure to honor its obligations to provide compensation and**
**essential documentation for a vehicle, thereby causing financial harm and damages**
**to Astorg.**

**ANSWER:**

    Admitted only that this is what Plaintiff originally alleged in the Complaint. Otherwise,
denied.

**COMPLAINT NO. 2:**

**Thereafter, Renaissance's principal Brinkley likewise failed to honor his financial obligation and to provide essential documentation for a vehicle, thereby causing financial harm and damage to Astorg.**

**ANSWER:**

Admitted only that this is what Plaintiff originally alleged in the Complaint. Otherwise, denied.

## JURISDICTION AND VENUE

**COMPLAINT NO. 3:**

**This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) as there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.**

**ANSWER:**

Admitted.

**COMPLAINT NO. 4:**

**In addition, or in the alternative, this Court also has federal-question jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because Renaissance committed an act of mail fraud under 18 U.S.C. § 1341, which is actionable under the civil provisions of the Racketeer Influenced and Corrupt Organizations Act (RICO), per 18 U.S.C. § 1964(c).**

**ANSWER:**

Denied. The RICO Count has been dismissed.

**COMPLAINT NO. 5:**

**Venue is proper in this Court under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this district.**

**ANSWER:**

Denied.

## PARTIES

### COMPLAINT NO. 6:

**Plaintiff Astorg is a corporation organized and existing under the laws of the State of West Virginia, with its principal place of business located in Parkersburg, West Virginia.**

### ANSWER:

Denied for lack of sufficient knowledge or information. ("DNK Denied").

### COMPLAINT NO. 7:

**Defendant Renaissance is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business located at 8801 Fast Park Dr. Suite 301, Raleigh, NC 27617.**

### ANSWER:

Admitted.

### COMPLAINT NO. 8:

**Defendant Brinkley is an individual who, based on information and belief, is a resident of and is domiciled in the state of North Carolina, with an address of 8801 Fast Park Dr Suite 301, Raleigh, NC, 27617.**

### ANSWER:

Admitted.

## FACTUAL ALLEGATIONS

### COMPLAINT NO. 9:

**Renaissance is a Chrysler, Dodge, Jeep, and Ram dealership which markets and sales new and used Dodge Chargers and Jeep Gladiators, among other vehicles.**

### ANSWER:

3

Admitted.

**COMPLAINT NO. 10:**

**Renaissance also operates a Ford dealership known as Renaissance Ford, which may be a current or past fictitious name for Renaissance.**

**ANSWER:**

Admitted.

**COMPLAINT NO. 11:**

**Vehicle trades between dealerships are a common practice in the automotive industry.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 12:**

**Renaissance is a sophisticated party and knowledgeable about car sales, car values, and dealer trades.**

**ANSWER:**

Admitted.

**COMPLAINT NO. 13:**

**Astorg had a customer interested in a particular make, model, year, and trim of a Jeep Gladiator that Renaissance held in its possession.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 14:**

**On or around January 5, 2024, Astorg contacted Renaissance about doing a dealer trade to exchange a vehicle and monies for a Jeep Gladiator and monies.**

**ANSWER:**

Admitted.

**COMPLAINT NO. 15:**

    **Renaissance freely negotiated which vehicles would be traded and how much money would be exchanged between the parties.**

**ANSWER:**

    Admitted.

**COMPLAINT NO. 16:**

    **This negotiation was an arms' length transaction amongst sophisticated parties knowledgeable about the exchange.**

**ANSWER:**

    Admitted.

**COMPLAINT NO. 17:**

    **The Renaissance representative negotiating this deal had the full authority to bind Renaissance to the terms and conditions of said deal.**

**ANSWER:**

    Admitted.

**COMPLAINT NO. 18:**

    **Astorg and Renaissance discussed the dealer trade and expressed mutual interest and ultimately agreed to the terms.**

**ANSWER:**

    Admitted.

**COMPLAINT NO. 19:**

    **On or about January 5, 2024, Astorg and Renaissance entered into a contract whereby Astorg agreed to trade (i) a 2023 DODGE CHARGER R/T RWD LDDP48, Vehicle Identification Number 2C3CDXCT5PH700400 (hereinafter the "2023 Charger RT") and (ii) a $61,413 check to Renaissance in exchange for (A) a 2023 JEEP GLADIATOR MOJAVE 4X4 JTJH98, Vehicle Identification Number 1C6JJTEG6PL571050 (hereinafter the "2023 Jeep Gladiator") and (B) a $48,802 check from Renaissance.**

**ANSWER:**

    DNK Denied.

**COMPLAINT NO. 20:**

      **It was further agreed that Astorg would transport the 2023 Charger RT from Parkersburg, West Virginia to Renaissance's Altavista, Virginia location, then exchange vehicles, checks, and necessary documentation, then Astorg would transport the 2023 Jeep Gladiator back to Parkersburg, West Virginia.**

**ANSWER:**

      DNK Denied.

**COMPLAINT NO. 21:**

      **Pursuant to the agreement, Astorg traveled to Renaissance's Virginia location with the 2023 Charger RT and a $61,413 check, as agreed.**

**ANSWER:**

      Admitted that Astorg traveled to Renaissance's Virginia location with the 2023 Charger

RT and a $61,413 check. Otherwise, DNK denied.

**COMPLAINT NO. 22:**

      **Upon arrival, Renaissance informed Astorg's delivery driver that it did not have the $48,802 check or the Manufacturer's Statement of Origin ("MSO") for the 2023 Jeep Gladiator readily available, but it was willing to exchange the 2023 Jeep Gladiator then mail the check and MSO to Astorg.**

**ANSWER:**

      Admitted.

**COMPLAINT NO. 23:**

      **A vehicle's MSO is a statement of origin delivered by the manufacturer to a dealer – which certifies that the new vehicle is the dealership's property and enables the dealer to provide a customer title to that vehicle.**

**ANSWER:**

      Admitted.

**COMPLAINT NO. 24:**

      **An MSO is essentially the first title to a vehicle.**

**ANSWER:**

Admitted.

**COMPLAINT NO. 25:**

    **Renaissance promised Astorg's delivery driver that it would issue the agreed $48,802 check and mail it and the MSO to Astorg's Parkersburg, West Virginia office.**

**ANSWER:**

    Admitted.

**COMPLAINT NO. 26:**

    **In reliance upon these representations, Renaissance's inducement, and the parties' contract, Astorg conveyed the 2023 Charger RT (complete with MSO) and a $61,413 check to Renaissance.**

**ANSWER:**

    Admitted that Astorg conveyed the 2023 Charger RT and a $61, 413 check to Renaissance.

Otherwise, DNK denied.

**COMPLAINT NO. 27:**

    **Renaissance then provided the keys to the 2023 Jeep Gladiator and knowingly observed Astorg leave en route to transport this vehicle to Parkersburg, West Virginia.**

**ANSWER:**

    Admitted.

**COMPLAINT NO. 28:**

    **Renaissance never expressed any disagreement to the parties' arrangement or told Astorg that it was unable to complete its contractual obligations.**

**ANSWER:**

    Admitted.

**COMPLAINT NO. 29:**

**Renaissance mailed a signed check, numbered 30948 and dated January 8, 2024, in the amount of $48,802 to Astorg's address at 1501 Seventh Street, Parkersburg, WV 26101, attached here as Exhibit A.**

**ANSWER:**

Admitted.

**COMPLAINT NO. 30:**

**Astorg attempted to deposit this check upon receipt, but the check "bounced" due to insufficient funds.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 31:**

**This bad check constituted a breach of the parties' agreement.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 32:**

**Renaissance did not have adequate funds available when it wrote check number 30948.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 33:**

**In the alternative, Renaissance did not maintain adequate funds available after it wrote check number 30948.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 34:**

**Renaissance did deposit Astorg's check and $61,413 was transferred from Astorg to Renaissance.**

**ANSWER:**

Admitted.

**COMPLAINT NO. 35:**

Renaissance accepted the 2023 Charger RT and, at least at the time of the transfer, held title to that vehicle, clean and outright.

**ANSWER:**

Admitted.

**COMPLAINT NO. 36:**

Renaissance sold the 2023 Charger RT to a third party.

**ANSWER:**

Admitted.

**COMPLAINT NO. 37:**

Astorg repeatedly demanded payment and the 2023 Jeep Gladiator's MSO from Renaissance in January and February 2023 but Renaissance could not or did not provide the MSO.

**ANSWER:**

Denied.

**COMPLAINT NO. 38:**

Astorg completed all of its obligations under the parties' agreement.

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 39:**

Renaissance willfully transferred possession of the 2023 Jeep Gladiator to Astorg.

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 40:**

    **Renaissance's transfer of the 2023 Jeep Gladiator to Astorg represents part, but not complete, performance of the parties' contract.**

**ANSWER:**

    DNK Denied.

**COMPLAINT NO. 41:**

    **Renaissance failed to respond to multiple communications from Astorg and its counsel.**

**ANSWER:**

    DNK Denied.

**COMPLAINT NO. 42:**

    **On February 19, 2024, Jamar Brinkley, in his capacity as Renaissance's principal, emailed Astorg's counsel stating, "Sorry for the delay. I have all intentions to make this right, but currently dealing [sic] with a massive amount of issues." Mr. Brinkley's email represented "I will work to get this resolved in the next 5 to 7 days." Mr. Brinkley reaffirmed, "Again, I will make it right."**

**ANSWER:**

    Admitted only that an email was sent and is the best evidence of its own contents.

Otherwise, denied.

**COMPLAINT NO. 43:**

    **The clear language of this communication suggests that Jamar Brinkley was going to personally remedy the situation.**

**ANSWER:**

    Admitted only that an email was sent and is the best evidence of its own contents.

Otherwise, denied.

**COMPLAINT NO. 44:**

10

**Those seven days came and passed without any resolution of the issues or even an update from Renaissance or Mr. Brinkley. Astorg's counsel emailed Mr. Brinkley on February 26, 2024, and told him that an immediate resolution is necessary and stressed the importance of resolution.**

**ANSWER:**

Admitted only that an email was sent and is the best evidence of its own contents.

Otherwise, denied.

**COMPLAINT NO. 45:**

**Mr. Brinkley responded on February 27, 2024, and again apologized for the delay in his response and represented that "As far as payment, if all possible [sic], I have plans to process later this week/next. I have my team working to get the MCO [sic] to them. I will keep you posted."**

**ANSWER:**

Admitted only that an email was sent and is the best evidence of its own contents.

Otherwise, denied.

**COMPLAINT NO. 46:**

**Mr. Brinkley was stalling for time and did not provide any updates to Astorg despite telling its counsel he would "keep you posted."**

**ANSWER:**

Denied.

**COMPLAINT NO. 47:**

**Renaissance did not provide the 2023 Jeep Gladiator's MSO to Astorg until March 10, 2024, following weeks of demands from the undersigned counsel and under the threat of litigation.**

**ANSWER:**

Admitted.

**COMPLAINT NO. 48:**

As of the filing of this Complaint, Renaissance has not paid the $48,802 owed to Astorg.

**ANSWER:**

Admitted.

**COMPLAINT NO. 49:**

As a direct and proximate result of Renaissance's and Brinkley's actions, Astorg has suffered damages including but not limited to financial losses and damage to its reputation.

**ANSWER:**

Admitted only that no $48,802 payment has been made. Otherwise, denied.

**COMPLAINT NO. 50:**

Renaissance obtained title to the 2023 Charger RT, which had an MSRP of $51,725.

**ANSWER:**

Admitted.

**COMPLAINT NO. 51:**

Renaissance deposited Astorg's $61,413 check and obtained those funds.

**ANSWER:**

Admitted.

**COMPLAINT NO. 52:**

Renaissance has paid zero dollars ($0.00) of the $48,802 it agreed to pay by check to Astorg.

**ANSWER:**

Admitted only that no $48,802 payment has been made. Otherwise, denied.

**COMPLAINT NO. 53:**

The 2023 Jeep Gladiator's MSRP was $66,330.

**ANSWER:**

Admitted.

**COMPLAINT NO. 54:**

    **Astorg incurred additional damages in trying to obtain payment and the MSO.**

**ANSWER:**

    DNK Denied.

**COUNT I – BREACH OF CONTRACT AGAINST RENAISSANCE**

**COMPLAINT NO. 55:**

    **Astorg realleges and incorporates by reference the allegations contained in paragraphs 1 through 54 as if fully set forth herein.**

**ANSWER:**

    Defendants incorporate by reference as though fully set forth herein their answers to all

prior paragraphs to the remaining counts and claims in Plaintiff's Complaint.

**COMPLAINT NO. 56:**

    **Renaissance and Astorg entered into an agreement for the dealer trade at issue in this matter.**

**ANSWER:**

    DNK Denied.

**COMPLAINT NO. 57:**

    **The parties' agreement constitutes a valid contract.**

**ANSWER:**

    DNK Denied.

**COMPLAINT NO. 58:**

    **Astorg met all terms of the parties' contract.**

**ANSWER:**

    DNK Denied.

**COMPLAINT NO. 59:**

**A material and express term of the contract was that Renaissance would pay $48,802 to Astorg.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 60:**

**Renaissance's failure to pay $48,802 to Astorg is a material breach of the parties' contract.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 61:**

**The funds due and the MSO were withheld for an unreasonable amount of time.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 62:**

**Renaissance's failure to timely provide the agreed check, funds, and MSO are an each, independent material breaches of the parties' contract.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 63:**

**Any or all of Renaissance's failures to abide by the parties' contract constitute a material breach of contract, collectively or individually.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 64:**

**As a direct result of Renaissance's breach, Astorg has suffered damages in an amount to be determined at trial.**

**ANSWER:**

Admitted only that no $48,802 payment has been made. Otherwise, denied.


**COUNT II – BREACH OF IMPLIED CONTRACT AGAINST RENAISSANCE**

**COMPLAINT NO. 65:**

Astorg realleges and incorporates by reference the allegations contained in paragraphs 1 through 64 as if fully set forth herein.

**ANSWER:**

Defendants incorporate by reference as though fully set forth herein their answers to all

prior paragraphs to the remaining counts and claims in Plaintiff's Complaint.

**COMPLAINT NO. 66:**

An implied contract was formed between Astorg and Renaissance based on the parties' conduct, business practices, and the circumstances surrounding their transaction, which created mutual obligations beyond those outlined in any written agreement.

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 67:**

Under the terms of this implied contract, Renaissance was obligated to ensure the transfer of a clear title for the 2023 Jeep Gladiator to Astorg by providing the MSO and to honor its financial commitment by ensuring the $48,802 check was valid and would be processed without issue.

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 68:**

Renaissance breached this implied contract by failing to timely provide the MSO for the 2023 Jeep Gladiator until months later and by providing a check that was dishonored.

**ANSWER:**

Denied, the MSO has been provided.

**COMPLAINT NO. 69:**

**Failing to timely provide the MSO and available funds is a material breach of this implied contract.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 70:**

**As a direct and proximate result of Renaissance's breach of the implied contract, Astorg suffered damages including, but not limited to, financial losses associated with the inability to complete the sale of the 2023 Jeep Gladiator, harm to its business reputation, and additional costs incurred in attempting to rectify the situation.**

**ANSWER:**

Admitted only that the $48,802 has not been paid yet. Otherwise, denied.

**COUNT III – UNJUST ENRICHMENT AGAINST RENAISSANCE**

**COMPLAINT NO. 71:**

**Astorg realleges and incorporates by reference the allegations contained in paragraphs 1 through 71 as if fully set forth herein.**

**ANSWER:**

Defendants incorporate by reference as though fully set forth herein their answers to all

prior paragraphs to the remaining counts and claims in Plaintiff's Complaint.

**COMPLAINT NO. 72:**

**By retaining the benefits of the trade, including the 2023 Charger RT ($51,725 MSRP) and the $61,413 check from Astorg, without providing the agreed-upon 2023 Jeep Gladiator MSO and the $48,802 as agreed, Renaissance has been unjustly enriched at the expense of Astorg.**

**ANSWER:**

Admitted only that the $48,802 has not been paid yet. Otherwise, denied.

**COMPLAINT NO. 73:**

**Renaissance received approximately $113,138 worth of value (2023 Charger RT's MSRP plus Astorg's $61,413 check).**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 74:**

**Renaissance only exchanged a 2023 Jeep Gladiator ($66,330 MSRP  once it obtained the title) for the $113,138 worth of value it received.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 75:**

**Renaissance did not provide the MSO for the 2023 Jeep Gladiator until March 10, 2024.**

**ANSWER:**

Admitted.

**COMPLAINT NO. 76:**

**Astorg suffered damages due to Renaissance's failure to timely provide the MSO for the 2023 Jeep Gladiator.**

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 77:**

**It would be inequitable and unjust for Renaissance to retain the benefits of the transaction without fulfilling its obligations as agreed upon, causing Astorg to suffer losses.**

**ANSWER:**

Admitted only that the $48,802 has not been paid yet. Otherwise, denied.

## COMPLAINT NO. 78:

As a proximate result of Renaissance's unjust enrichment, Astorg has suffered damages in an amount to be determined at trial.

## ANSWER:

Admitted only that the $48,802 has not been paid yet. Otherwise, denied

## COUNT VI – BREACH OF CONTRACT AGAINST BRINKLEY

## COMPLAINT NO. 125:

Astorg realleges and incorporates by reference the allegations contained in paragraphs 1 through 124 as if fully set forth herein.

## ANSWER:

Defendants incorporate by reference as though fully set forth herein their answers to all

prior paragraphs to the remaining counts and claims in Plaintiff's Complaint.

## COMPLAINT NO. 126:

On February 19, 2024, Mr. Brinkley, in his capacity as the owner of Renaissance, personally communicated with Astorg via email, stating, "I [Mr. Brinkley] will make it right," and promised to cure the breach related to the transaction involving the 2023 Jeep Gladiator and the dishonored check within 5-7 days.

## ANSWER:

Admitted only that the email was sent and is the best evidence of its own contents.

Otherwise, denied.

## COMPLAINT NO. 127:

Mr. Brinkley's statement constituted a personal promise and thus formed a contract under which he had a personal obligation to ensure the breach was cured within the specified timeframe.

## ANSWER:

Denied.

**COMPLAINT NO. 128:**

In the alternative, Mr. Brinkley's statement served as a personal guarantee of Renaissance's debt.

**ANSWER:**

Denied.

**COMPLAINT NO. 129:**

Mr. Brinkley failed to fulfill his promise within the stipulated timeframe, directly breaching his contractual obligation to Astorg.

**ANSWER:**

Admitted only that the $48,802 has not been paid yet. Otherwise, denied.

**COMPLAINT NO. 130:**

As a direct and proximate result of Mr. Brinkley's breach of contract, Astorg has suffered damages in an amount to be determined at trial.

**ANSWER:**

Denied.

**COUNT VIII – FRAUD AGAINST BRINKLEY**

**COMPLAINT NO. 135:**

Astorg realleges and incorporates by reference the allegations contained in paragraphs 1 through 134 as if fully set forth herein.

**ANSWER:**

Defendants incorporate by reference as though fully set forth herein their answers to all

prior paragraphs to the remaining counts and claims in Plaintiff's Complaint.

**COMPLAINT NO. 136:**

Mr. Brinkley's assurance, as stated in his February 19, 2024, email, was made with the knowledge of the existing circumstances that would prevent the fulfillment of his promise, or with reckless disregard for the truth.

**ANSWER:**

Denied.

**COMPLAINT NO. 137:**

**Mr. Brinkley's subsequent February 27, 2024, email was also made with the knowledge of the existing circumstances that would prevent the fulfillment of his promise, or with reckless disregard for the truth.**

**ANSWER:**

Denied.

**COMPLAINT NO. 138:**

**Both communications were made in an attempt to stall for time but without any actual intent or ability to remedy the situation.**

**ANSWER:**

Denied.

**COMPLAINT NO. 139:**

**Both communications were intended to mislead Astorg or knowingly provide false information.**

**ANSWER:**

Denied.

**COMPLAINT NO. 140:**

**Mr. Brinkley has not attempted to make any partial payment, provide the MSO for the 2023 Jeep Gladiator or taken any apparent attempt to "make it right."**

**ANSWER:**

Denied, Plaintiff has admitted that it received the MSO.

**COMPLAINT NO. 141:**

**Mr. Brinkley and Renaissance continue to perpetuate a fraud upon Astorg and continue to cause Astorg continued damages.**

**ANSWER:**

Denied.

**COMPLAINT NO. 142:**

> **Astorg relied on Mr. Brinkley's assurance to its detriment, under the reasonable belief that Mr. Brinkley had the intention or ability to rectify the matter within the promised timeframe.**

**ANSWER:**

> DNK Denied.

**COMPLAINT NO. 143:**

> **As a result of relying on Mr. Brinkley's fraudulent misrepresentation, Astorg has suffered damages, including but not limited to, additional financial losses, harm to its business reputation, and the loss of goodwill among its customers.**

**ANSWER:**

> Denied.

**COUNT IX – TORTIOUS INTERFERENCE WITH A PROSPECTIVE RELATIONSHIP**

**COMPLAINT NO. 144:**

> **Astorg realleges and incorporates by reference the allegations contained in paragraphs 1 through 143 as if fully set forth herein.**

**ANSWER:**

> Defendants incorporate by reference as though fully set forth herein their answers to all

prior paragraphs to the remaining counts and claims in Plaintiff's Complaint.

**COMPLAINT NO. 145:**

> **Here, the sole purpose of this dealer trade was because Astorg had a customer interested in this specific 2023 Jeep Gladiator.**

**ANSWER:**

> DNK Denied.

**COMPLAINT NO. 146:**

> **Astorg communicated to Renaissance that it had a customer interested in purchasing the 2023 Jeep Gladiator and thus wished to perform a dealer trade so that it could sell this vehicle to a specific customer.**

21

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 147:**

Renaissance at all times relevant knew that Astorg intended to sell the subject vehicle to its customer.

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 148:**

Renaissance, as a car dealer who performs its own dealer trades, understood that Astorg had a potential sale of this 2023 Jeep Gladiator lined up.

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 149:**

The sale of a vehicle to a customer constitutes the existence or expectancy of a contractual or business relationship between Astorg and a customer.

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 150:**

Renaissance, as a sophisticated car dealer who sells these make and model vehicles to its own customers, understands the implications and damages that could arise should it transfer a vehicle without the accompanying MSO.

**ANSWER:**

DNK Denied.

**COMPLAINT NO. 151:**

Renaissance, nevertheless, breached its contract, committed the tort of promissory estoppel, and/or engaged in tortious fraud which interfered with the marketability of the 2023 Jeep Gladiator, and diminished the value of that vehicle.

**<u>ANSWER:</u>**

Denied.

**<u>COMPLAINT NO. 152:</u>**

Renaissance tortiously failed to timely convey the MSO and the failure to do so interfered with the reasonably expected time frame of the expected or actual contract.

**<u>ANSWER:</u>**

Denied.

**<u>COMPLAINT NO. 153:</u>**

Astorg sustained damages as a proximate result of Renaissance's tortious interference with the actual or expected sales contract with its customer.

**<u>ANSWER:</u>**

Denied.

**<u>COMPLAINT NO. 154:</u>**

Renaissance caused these damages out of fraud and in a willful or wanton attempt to further its improper financial gain to Astorg's detriment.

**<u>ANSWER:</u>**

Denied.


**<u>PRAYER FOR RELIEF</u>**

**<u>WHEREFORE,</u>**

Plaintiff, Astorg Imports, Inc. (d/b/a Astorg Dodge Chrysler Jeep), respectfully requests that this Court:
A. Award damages against Renaissance in an amount to be determined at trial for the claims presented herein;
B. An order specific performance or any other appropriate equitable relief to compel Renaissance to fulfill its obligations, including payment to Astorg for the 2023 Jeep Gladiator;
C. Award damages against Brinkley in an amount to be determined at trial;
D. Award pre-judgment and post-judgment interest on any amounts awarded;
E. Award Astorg its costs and expenses incurred in this action, including reasonable attorney's fees for all claims;
F. An award of punitive damages;

**G. An award of treble damages; and**

**H. Grant such other and further relief as the Court deems just and proper against Renaissance and/or Brinkley.**

**ANSWER:**

Admitted that Plaintiff seeks the requested relief. Denied that Plaintiff is entitled to the requested relief or any other relief.

Respectfully Submitted This 5th Day of June, 2025:

THE RENAISSANCE COMPANIES OF VIRGINIA
JAMAR BRINKLEY


By: __/s/ Michael C. Whitticar___
            Counsel

Michael C. Whittiar (VSB No. 32968)
155 Broadview Avenue, Suite 200
Warrenton, VA, 20186
Tel: (571) 386-2980
Fax: (855) 295-0740
Email: mikew@novaiplaw.com
*Counsel for Renaissance and Jamar Brinkley*


## CERTIFICATE OF SERVICE

I hereby certify that on this 5th Day of June, 2025, the foregoing Answer and Defenses to

Plaintiff's Complaint was filed with the Court's CM/ECF system and served on the following

counsel of record by email:


Luke T. Schmitt (Va. Bar No. 79731)
Flaherty Sensabaugh Bonasso PLLC
Post Office Box 6545
Wheeling, West Virginia 26003
Telephone: (304) 230-6661
Facsimile: (304) 230-6610


                                        /s/ Michael C. Whitticar
                                        Michael C. Whitticar